MICHAEL W. MALTER, #96533
JULIE H. ROME-BANKS, #142364
KRISTINA A. PARSON, #257840
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: michael@bindermalter.com

Attorneys for Dodie Brooks Gaines,
Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| In re | Case No: 11-60535 - CN |
|---|---|
| Dodie Brooks Gaines, | Chapter 7 |
| Debtor. | |

**OPPOSITION TO EX PARTE APPLICATION BY CREDITOR HILDA LLORENS FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING EXAMINATION OF DEBTOR, FOR THE PRODUCTION OF DOCUMENTS AND <u>ACCESS TO REAL PROPERTY TO CONDUCT AN APPRAISAL</u>**

Debtor Dodie Brooks Gaines ("Debtor") respectfully opposes the creditor's Ex Parte Application for an Order Pursuant to Bankruptcy Rule 2004 Directing Examination of Debtor, for the Production of Documents and Access to Real Property to Conduct an Appraisal ("Application") filed by Hilda Llorens.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

<u>Background and State Court Litigation</u>

On November 15, 2011, Debtor commenced the above-captioned case by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Petition Date"). See Declaration of Julie H. Rome Banks ("Rome-Banks Declaration") filed concurrently herewith. Creditor Hilda Llorens ("Llorens") was identified as an unsecured creditor in Debtor's Schedule F filed on November 15, 2011 along with her state court counsel, Craig Nevin ("Nevin"). See Declaration of Dodie Brooks Gaines ("Gaines

Declaration") filed concurrently herewith.

Prior to the Petition Date, on July 15, 2011, creditor Llorens filed a state court lawsuit against Debtor, Bill Whitehead, the Bill Whitehead Retirement Plan, and the Campos Family Trust by and through Anthony and Rebecca Campos, its co-Trustees, in Yolo County Superior Court, styled as *Llorens v. Gaines, et al.*, Case No. C11-01664 ("State Court Action"). See Gaines Declaration. The State Court Complaint alleged (1) Breach of Contract; (2) Fraudulent Misrepresentation; (3) Concealment; (4) Conversion and Imposition of Constructive Trust and Equitable Lien; (5) Fraudulent Conveyance and Imposition of Constructive Trust and Equitable Lien; (6) Accounting; and (7) Injunctive Relief. See Gaines Declaration. All named defendants filed an answer to the Complaint. Substantial discovery was completed (i.e. responses to written discovery were received or in the case of a deposition, the exam was concluded) in the State Court Action prior to the Petition Date including the following:

| Method | Propounding Party | Responding Party / Deponent | Date of Completion |
|---|---|---|---|
| Form Interrogatories | Bill Whitehead / Whitehead Retirement Plan | Hilda Llorens | 9/13/11 |
| Production of Documents | Bill Whitehead / Whitehead Retirement Plan | Hilda Llorens | 9/14/11 |
| Production of Documents | Hilda Llorens | Whitehead Retirement Plan | 10/10/11 |
| Form Interrogatories | Hilda Llorens | Whitehead Retirement Plan | 10/10/11 |
| Requests for Admission | Hilda Llorens | Whitehead Retirement Plan | 10/10/11 |
| Production of Documents | Hilda Llorens | Bill Whitehead | 10/10/11 |
| Form Interrogatories | Hilda Llorens | Bill Whitehead | 10/10/11 |
| Requests for Admissions | Hilda Llorens | Bill Whitehead | 10/10/11 |
| Production of Documents | Hilda Llorens | Campos Family Trust | 10/7/11 |

| Method | Propounding Party | Responding Party / Deponent | Date of Completion |
|---|---|---|---|
| Form Interrogatories | Hilda Llorens | Campos Family Trust | 10/7/11 |
| Requests for Admission | Hilda Llorens | Campos Family Trust | 10/7/11 |
| Production of Documents | Hilda Llorens | Dodie Gaines | 10/14/11[1] |
| Form Interrogatories | Hilda Llorens | Dodie Gaines | 10/14/11 |
| Requests for Admission | Hilda Llorens | Dodie Gaines | 10/14/11 |
| Deposition | Campos Family Trust | Hilda Llorens | 9/19/11 |
| Deposition | Bill Whitehead /Whitehead Retirement Plan | Hilda Llorens | 9/27/11 |
| Deposition | Hilda Llorens | Henry Llerena | 11/10/11 |

See Gaines Declaration. The State Court Action was still pending on the Petition Date and is stayed with respect to Debtor Dodie Gaines.

Creditor Llorens' state court counsel, Craig Nevin, filed a Notice of Stay of Proceedings in the State Court Action on December 1, 2011 confirming that Creditor Llorens had notice of the Debtor's bankruptcy. See Gaines Declaration. Creditor Llorens by and through her counsel, David Duperrault, filed a Notice of Appearance and Request for All Notices in Debtor's bankruptcy case on January 18, 2012, thereby again confirming notice of the Debtor's bankruptcy case. See Gaines Declaration.

Creditor Llorens and her three attorneys, Craig Nevin, David Duperrault and Jagdeep Hansra all appeared at the Debtor's §341 Meeting of Creditors on December 20, 2011 and had the opportunity to ask Debtor several questions. See Gaines Declaration. At that 341 meeting of Creditors, Creditor Llorens counsel, Mr. Duperrault stated Ms. Llorens intention to seek a 2004 exam of the Debtor and attempted to coordinate the time with the Chapter 7 trustee. See Gaines Declaration. The meeting

---

[1] Debtor Dodie Gaines responded to Hilda Llorens request for Production of Documents by indicating that he would produce documents responsive to certain requests. However, Debtor filed for bankruptcy before the documents were actually produced.

of creditors was continued to January 25, 2012 and neither Creditor Llorens nor her counsel elected to attend. See Gaines Declaration.

On February 8, 2012, 13 days prior to the running of the deadline to file complaints objecting to dischargeability in this case, Creditor Llorens counsel contacted Debtor's counsel by telephone seeking a 90 day extension of time to file a complaint objecting to discharge and requesting that the parties attend BDRP. See Declaration of Julie H. Rome-Banks ("Rome-Banks Declaration") filed concurrently herewith. Debtor's counsel informed Llorens' counsel that she did not have the authority from the Debtor to extend the deadline and that it would be difficult to mediate without knowing what would be in the complaint since it had not been filed. See Rome-Banks Declaration. Creditor Llorens' counsel then stated yet again that they wanted to take the 2004 exam of the Debtor to determine if there were grounds for objecting to discharge. See Rome-Banks Declaration. Debtor's counsel informed Lloren's counsel that this would be that a 2004 exam would be inappropriate if their client filed an adversary proceeding.

On February 9, 2012, Debtor's counsel confirmed via e-mail correspondence to creditor Llorens' counsel that the Debtor did not agree to extend the deadline for filing complaints. See Rome-Banks Declaration. Despite this, Creditor Llorens did nothing until February 17, 2012 when counsel for Llorens contacted Debtors counsel at 4:30 p.m. the Friday before a three-day weekend, to again request an extension of time to file a complaint and to advise, Creditor Llorens planned to seek an ex parte order extending time on Tuesday, February 21, 2012 since the court was closed on Monday, February 20, 2012 in observance of President's Day. See Rome-Banks Declaration. That same night, while on vacation in Florida, Debtors counsel, Michael Malter, sent an e-mail correspondence to counsel for Llorens again confirming that Debtor had not authorized any extensions to file a complaint and urged counsel to simply spend his time filing a complaint rather than fight over an extension. See Declaration of Michael W. Malter, filed concurrently herewith.

/ /

The Adversary Proceeding

On February 21, 2012, Creditor Llorens filed a Complaint to Determine Dischargeability of Debt (the "Complaint"), thereby commencing an adversary proceeding against the Debtor which was assigned Adversary Proceeding No. 12-05028. See Gaines Declaration. A summons was issued on February 22, 2012. See Gaines Declaration. On February 22, 2012, this Court issued its Order Setting Telephonic Status Conference and scheduling conference. The first telephonic case management conference has been scheduled for May 1, 2012. The Debtor filed an answer to the Complaint on March 22, 2012[2].

In addition, Creditor Llorens filed a Motion to Extend Time to File Complaint to Deny Discharge under 11 U.S.C. §727 ("Motion") on February 21, 2012. Debtor filed an Opposition to the Motion on March 23, 2012. The hearing on Creditor Llorens Motion to Extend Time is on calendar for April 6, 2012.

Creditor Llorens' indicated a desire to take the Debtors 2004 exam on December 20, 2011 at the Debtor's §341 meeting of creditors, and again during the February 8, 2012 phone call with Debtor's counsel. Debtors counsel warned creditors counsel that an application for Rule 2004 exam would be inappropriate after the commencement of an adversary proceeding. Yet, no application for 2004 exam was ever filed prior to the filing of the §523 Complaint.

The deadline for commencing actions under 11 U.S.C. §523 and 727 in this case was set as February 21, 2012. At no time prior to February 21, 2012 did counsel for Creditors attempt to contact Debtor's counsel to discuss the scheduling of a Bankruptcy Rule 2004 examination and production of documents under Bankruptcy Rule 2004. Rather, on February 21, 2012, Creditor Llorens filed a Complaint to Determine Dischargeability of Debt. Now, more than five weeks later, Creditor Llorens seeks an application for Rule 2004 examination. As discussed more fully below such application

---

[2] The Debtor's Answer to the Complaint was incorrectly docketed in the underlying Chapter 7 bankruptcy case. This was corrected on March 27, 2012.

is wholly inappropriate at this time and discovery is now appropriate only within the confines of Part VII of the Federal Rules of Bankruptcy Procedure.

## II. LEGAL ARGUMENT

### A. Granting Creditor Llorens Extension of Time to File A Complaint for the Purpose of Conducting a 2004 Exam Would be Inappropriate

Federal Rule of Bankruptcy Procedure 2004 is a discovery tool that is unique to bankruptcy cases. It affords few of the procedural safeguards that a deposition under Rule 26 *et. seq.* of the Federal Rules of Civil Procedure offers. The Federal Rules of Civil Procedure are incorporated into contested matters and adversary proceedings by Bankruptcy Rule 7001.

Although an examination under Bankruptcy Rule 2004 is technically available in any bankruptcy case, Bankruptcy Rule 2004 is not intended to be a substitute for proper discovery under the Federal Rules of Civil Procedure. The proper procedure for a creditor who has commenced an adversary proceeding is to comply with the discovery rules under Bankruptcy Rule 7026. This includes the requirement for initial disclosures under Bankruptcy Rule 7026(a)(1), as well as the requirement for a Bankruptcy Rule 26(f) conference regarding a proposed discovery plan.

Numerous bankruptcy courts around the country have recognized that a Bankruptcy Rule 2004 examination is not appropriate if a contested matter or adversary proceeding is pending. The Bankruptcy Court in *In re French*, 145 B.R. 991 (Bkrtcy. SD 1992), quoted 2 L. King, *Collier on Bankruptcy*, ¶¶ 342.02, 343.08, 343.13 (15th ed. 1992), in stating that:

> If a contested matter or adversary proceeding is pending, Rule 2004 should not be used, but, rather, the various discovery provisions of the Federal Rules of Civil Procedure should apply. *Id.* Bankruptcy Rule 2004 is designed to be a quick "fishing expedition" into general matters and issues regarding the administration of the bankruptcy case and, as such, does not offer the procedural safeguards available under Rule 26 of the Federal Rules of Civil Procedure. *In re GHR Energy Corp.,* 33 B.R. 451, 453-54 (Bankr.D.Mass.1983). For example, a Rule 2004 examination does not afford the witness the right to be represented by counsel at the examination, and the right to object to "improper and unfair questions in the course of the examination has usually been denied." *Id.* at 454. Although these two "parallel" discovery procedures, "as with identical twins, seem to resemble each other, they are much different. This court,

aware of the tension between them, cannot treat them as interchangeable." *Id., citing In re Dupont Walston, Inc.,* 4 B.C.D. 61, 63 (Bankr.S.D.N.Y.1978). The Civil Procedure safeguards are "intended to promote something other than the aims of a Rule 2004 examination." *Id.* at 454-55.

*In re French*, 145 B.R. 991, 992-993. Accord, *In re Dinubilo* (E.D.Cal. 1993) 177 B.R. 932, 942 ("case law uniformly holds that where a contested matter is pending, sworn testimony should obtained via a Rule 7030 deposition rather than a Rule 2004 examination"). See also *In re Blinder, Robinson & Company Inc.*, 127 B.R. 267 (D. Colo. 1991) (trustee was limited to discovery under Federal Rules of Civil Procedure where trustee had elected to file adversary proceeding before seeking to conduct Bankruptcy Rule 2004 examination).

A Bankruptcy Rule 2004 examination is appropriate prior to commencement of a complaint under Sections 523 or 727 of the Bankruptcy Code to enable a creditor to ascertain if facts actually exist to support such a complaint. However, in this case creditor Llorens did not seek an examination prior to commencing an adversary proceeding by filing a Complaint to Determine Dischargeability of Debt. Creditors' own strategic decisions in filing their §523 Complaint first and then trying to obtain a 2004 exam to determine if facts exist to support a §727 Complaint is backward and is reason to deny the Application.

In this case, litigation has been brought by creditor Llorens in the form of a State Court Complaint and an adversary proceeding. Discovery is therefore appropriate only within the confines of Part VII of the Federal Rules of Bankruptcy Procedure. In addition, the Bankruptcy Trustee appointed in this case has already sent an independent appraiser to the Debtor's residence to determine the value of the property. Creditors' asserted reason for seeking the Bankruptcy Rule 2004 Examination to aid in conducting an appraisal of the property is therefore not supported.

Moreover, there is a good reason to believe that Creditors are already attempting to abuse the Federal Rules of Bankruptcy Procedure. Under Bankruptcy Rule 7030(d), a deposition is limited to 1 day of 7 hours and may be expanded upon only by the Court

upon a showing of fair necessity or that additional time is needed due to the behavior of the deponent, another person or other circumstances that impede or delay the examination. It would be inappropriate to permit Creditors to conduct a Bankruptcy 2004 examination of the Debtor after they have commenced an adversary proceeding, thereby subjecting the Debtor to multiple examinations under oath. Bankruptcy Rule 2004 may not be used where the purposes are abuse, harassment or attempting an "end run" around the Federal Rules of Civil Procedure.

### B. Creditor Llorens Claim that the Requested 2004 Exam relates to the property of the estate and not to the fraud issues in the pending adversary proceeding is unconvincing.

Creditor Llorens claims that "[t]his Rule 2004 examination relates to the property of the estate, and not to the fraud issues in the pending adversary proceeding." However, the Creditor Llorens has already filed a Complaint under §523 and the deadline for filing a Complaint under §727 has passed. Creditor Llorens filed a Motion To Extend Time to File a Dischargeability Complaint. The Debtor filed an Opposition to that motion and the hearing is not scheduled until April 6, 2012. To grant the Creditor's request on an Ex Parte basis in advance of the April 6, 2012 hearing, when the Creditor may be denied the opportunity to file a late complaint under §727, would serve only to grant Creditor a free pass around the more limited discovery procedures of the Federal Rules of Civil Procedure.

Furthermore, Creditor Llorens has had knowledge of the Debtor's bankruptcy since the Petition Date, November 15, 2011. This knowledge was confirmed by her counsel on December 1, 2011 when Craig Nevin filed a Notice of Stay in the State Court Action and again on January 18, 2012 when her counsel filed a Notice of Appearance and Request for all Notices in Debtor's bankruptcy case. Llorens' indicated a desire to take the Debtors 2004 exam on December 20, 2011 at the Debtor's §341 meeting of creditors, and again during the February 8, 2012 phone call with Debtor's counsel. Yet, no application for 2004 exam was ever filed. In addition, the facts upon which creditor Llorens' bases her Motion for an Extension of Time To

File a Complaint under §727 are the same facts upon which her state court complaint is based, which action has been pending since July 15, 2011 and in which substantial discovery has already been conducted.

Now, four months after the commencement of Debtor's bankruptcy case, eight months after the commencement of Llorens' State Court Action, and more than five weeks after filing her Complaint under §523, Creditor Llorens' Application now seeks an Ex Parte Application for Rule 2004 Exam claiming that she needs time to complete an investigation. Llorens makes these claims in spite of the fact that she has done little in aid of such investigation since the Debtor filed his bankruptcy four months ago and not until after she filed a §523 Complaint and the deadline for filing §727 Complaints has expired.

The issues presented in Creditor Llorens §523 Complaint and the facts upon which Creditor Llorens relies in requesting a Rule 2004 Exam are identical such that it is impossible to claim that the purpose of the Rule 2004 exam would only relate "to the property of the estate, and not to the fraud issues in the pending adversary proceeding." On page 2 of Llorens' Application under the heading "Facts", Llorens alleges:

> "Debtor made certain transfers of real property to trusts owned by friends of his. He has been in the business of "flipping" properties for many years. Prior to filing his chapter 7 petition, he purchased properties in his own name (granting deeds of trust as security for funds advanced by his investors). The properties were rehabilitated and sold with the profits being spit. Since filing his bankruptcy case, Debtor purports to have relinquished title to the properties he was rehabilitating and has curtailed his "flipping" business. However, he now has the properties purchased in others' names and claims to have no beneficial interest or a profit share in these properties."

Docket #27, page 2; See also Gaines Declaration, Exhibit "F".

Llorens §523 Complaint, contains identical allegations. For example:

> "Defendant is a real estate investor who, for nearly 30 years, has purchased properties at foreclosure sales and resold, or "flipped", them for profit. Until 2010, as part of his business, Defendant, in some instances, obtained financing from third party investors to purchase distressed properties in his own name."

Llorens Complaint to Determine Dischargeability of Debt, Docket #22-1, page 2,

paragraph #7; see also Gaines Declaration, Exhibit "F". Lloren's Complaint goes on to allege:

> "... Defendant continued to purchase distressed properties to "flip" but made certain that his interest or beneficial interest in the properties was concealed with title to his projects held in the names of his friends and partners."

Llorens Complaint to Determine Dischargeability of Debt, Docket #22-1, page 6, paragraph #17; see also Gaines Declaration, Exhibit "F".

Accordingly, there is no way to distinguish between an examination related to the property of the estate and the fraud issues in the pending adversary when each is based upon the same set of facts. In fact, the only fact presented by Llorens in her Application for a 2004 exam which differs from her §523 Complaint is the allegation that the Debtor has made conflicting statements concerning the value of his residence. For the reasons identified below, this allegation is insufficient to warrant the granting of a 2004 exam in this case.

### C. The Requested Document Production is Unduly Burdensome and the Request for Access to Debtor's Property is Unnecessary.

The Application seeks forty-eight different categories of documents, each with multiple types of documents requested therein. The Application seeks production of this burdensome list of documents within 15 days from the date of entry of an order on this Application. Such a request is unduly burdensome on the Debtor. Should the court be inclined to grant Creditor Llorens request for a Rule 2004 Exam, Debtor reserves the right to object to this oppressive and burdensome document request.

In addition, Creditor Llorens request for access to Debtor's residence to conduct an appraisal is unnecessary harassment. The court appointed Chapter 7 Trustee has already sent an independent appraiser to the Debtor's residence to determine the value of the property. Further, after the filing the Debtor submitted an appraisal of the property to the trustee conducted pre-petition and had a further neutral appraisal conducted post-petition at the Chapter 7 Trustee's request and submitted this MAI qualified appraisal to the Trustee. The Trustee has exercised full due diligence in investigating this asset. Accordingly, Llorens request is redundant, unnecessary and

| | |
|---|---|
| 1 | serves no legitimate purpose. |
| 2 | **III. <u>CONCLUSION</u>** |
| 3 | Wherefore, the Debtor prays that this Court deny Creditors application for |
| 4 | Bankruptcy Rule 2004 examination. |
| 5 | Date: March 30, 2012     BINDER & MALTER LLP |
| 7 | By: <u>/s/ Kristina A. Parson</u> |
| 8 | Kristina A. Parson<br>Attorneys for Debtor, Dodie Gaines |